[Cite as *State v. Goldsmith*, 2017-Ohio-484.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1126

    Appellee                              Trial Court No. CR0201601625

v.

Charles Goldsmith                         **DECISION AND JUDGMENT**

    Appellant                             Decided:  February 10, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Grant C. Kozy, Assistant Prosecuting Attorney, for appellee.

Steven T. Casiere, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Charles Goldsmith, appeals the May 31, 2016 judgment of the Lucas County Court of Common Pleas sentencing him following his conviction of one count of possessing criminal tools.  For the reasons that follow, we affirm.

**{¶ 2}** On April 5, 2016, appellant was indicted on one count of theft, one count of possessing criminal tools and one count of receiving stolen property. Appellant pled not guilty to the charges.

**{¶ 3}** On May 9, 2016, appellant withdrew his not guilty plea and entered a no contest plea to one count of possessing criminal tools, a felony of the fifth degree. On May 31, 2016, a sentencing hearing was held and appellant was sentenced to 11 months in prison. A nolle prosequi was entered as to the two other counts of the indictment. This appeal ensued.

**{¶ 4}** On August 8, 2016, appellant's appointed counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that after thoroughly reviewing the transcript of proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented. Counsel did, however, submit three potential assignments of error:

> 1.) The trial court committed reversible error by sentencing appellant to prison for a 5th degree felony.

> 2.) The trial court committed reversible error by accepting appellant's no contest plea.

> 3.) The trial court committed reversible error by ordering appellant to pay costs of confinement and assigned counsel.

**{¶ 5}** The state filed a brief concurring with the conclusion of appellant's counsel that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw.

**{¶ 6}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the United States Supreme Court found if counsel, after a conscientious examination of the case, determines that the appeal is wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once these requirements have been fulfilled, the appellate court must conduct a full examination of the proceedings held below to decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if required by state law. *Id.*

**{¶ 7}** Here, appellant's counsel has satisfied the requirements set forth in *Anders*. We observe appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential

3.

assignments of error set forth by appellant's counsel, as well as the entire record, to determine if this appeal lacks merit and is, therefore, wholly frivolous.

**First Potential Assignment of Error**

{¶ 8} Appellant contends the trial court erred by sentencing him to prison since there is a presumption against imposition of a prison sentence for a fifth-degree felony.

{¶ 9} R.C. 2929.13(B)(1)(a) creates a presumption against imposing prison time and in favor of community control sanctions for nonviolent fourth or fifth-degree felonies which meet certain criteria. Despite this presumption, a trial court may sentence an offender to prison if the court finds one of the factors under R.C. 2929.13(B)(1)(b)(i)-(xi) exists to overcome the presumption. One of these factors includes "[t]he offender committed the offense * * * as part of an organized criminal activity." R.C. 2929.13(B)(1)(b)(ix).

{¶ 10} Here, appellant was convicted of a nonviolent fifth-degree felony. In addition, none of the criteria in R.C. 2929.13(B)(1)(a)(i)-(iv) apply. Thus, the presumption against a prison term under R.C. 2929.13(B)(1)(a) has been met. However, the trial court found at sentencing that appellant's case was a coordinated calculated theft ring. The court noted the effort, plan and organization that appellant and his cohorts perpetrated on businesses in northwest Ohio. The court also found appellant was not amenable to community control.

4.

{¶ 11} The trial court's finding, that R.C. 2929.13(B)(1)(b)(ix) is applicable, overcomes the presumption for community control sanctions and allows the court to sentence appellant to a prison term, within the statutory range.

{¶ 12} The appellate standard of review for felony sentences is set forth in R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.* In determining whether a sentence is clearly and convincingly contrary to law, the approach in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, can provide guidance. *Id.* at ¶ 15.

> Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Id.*

{¶ 13} Here, the record shows at the sentencing hearing the trial court indicated it had considered the record, the oral statements made at the hearing and the presentence report. The court stated appellant's crime was "far greater, far more serious * * * and

therefore, far more appropriate to punish" with a prison term. The court also noted that prison was consistent with the purposes of the sentencing statute.

{¶ 14} We find the record supports the trial court's finding that appellant was involved in a coordinated calculated theft ring. We further find the trial court properly considered the purposes and principles of sentencing, as stated in R.C. 2929.11, as well as the factors in R.C. 2929.12. We further find the eleven-month prison sentence imposed upon appellant is within the permissible statutory sentencing range for a fifth-degree felony. *See* R.C. 2929.14(A)(5).

{¶ 15} Based on the foregoing, we conclude the trial court properly sentenced appellant to a term of imprisonment, and the eleven-month sentence is not contrary to law. The first potential assignment of error is not well-taken.

### Second Potential Assignment of Error

{¶ 16} Appellant argues the trial court erred by accepting his no contest plea without complying with Crim.R. 11.

{¶ 17} The trial court must substantially comply with Crim.R. 11(C)(2)(a) before accepting a guilty plea or no contest plea. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Faulkner*, 6th Dist. Lucas No. L-10-1147, 2011-Ohio-2696, ¶ 14. Substantial compliance means "'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Lamb*, 156 Ohio App.3d 128, 2004-Ohio-474, 804 N.E.2d 1027, ¶ 14 (6th Dist.) (Citations omitted.).

6.

{¶ 18} Here, at a joint plea hearing with one of appellant's co-defendants, the trial court, in accordance with Crim.R. 11(C)(2)(a), addressed appellant personally and ascertained that appellant was 22 years old, could read and write the English language and was not under the influence of alcohol or drugs.

{¶ 19} The court explained to appellant the penalty for a fifth-degree felony was a minimum of six months in prison and a maximum of 12 months in prison, if a prison sentence was imposed, a possible three-year term of postrelease control, and a potential fine of "between zero, no fine, and the maximum fine of $2,500." The court informed appellant that, by entering a plea, he was waiving his right to a jury trial, to have the elements of the charged offenses proved beyond a reasonable doubt, to cross-examine witnesses at trial, to subpoena witnesses, and to refuse to testify on his own behalf. The court also apprised appellant of the consequences of a felony conviction as well as the limited rights to appeal his plea and sentence. The court confirmed that appellant had consulted with his attorney and appellant was satisfied with counsel's advice and competence.

{¶ 20} Following the above exchange, the court found appellant was adequately informed of his constitutional rights and knowingly, intelligently and voluntarily waived those rights. The court further found appellant's plea was knowingly and voluntarily made, appellant understood the nature of the charge, the effect of the plea as well as the penalties involved. The court also found appellant was advised of his right of appeal.

{¶ 21} The trial court accepted appellant's plea, and found appellant guilty of one count of possession of criminal tools. The matter was continued for sentencing to allow a presentence report to be prepared.

{¶ 22} Based upon the foregoing, we find the trial court substantially complied with Crim.R. 11(C), appellant's plea was knowingly, voluntarily and intelligently made, and the trial court properly accepted appellant's plea. Accordingly, the second potential assignment of error is not well-taken.

### Third Potential Assignment of Error

{¶ 23} Appellant argues the trial court committed plain error by ordering him to pay the costs of confinement and assigned counsel fees.

{¶ 24} The record reveals appellant did not object, at the time of sentencing, to the imposition of costs. An appellate court need not consider an error which was not called to the trial court's attention when the error could have been avoided or corrected by the trial court. *State v. Carter*, 89 Ohio St.3d 593, 598, 734 N.E.2d 345 (2000). Thus, the error is waived absent plain error. *Id.* "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wogenstahl*, 75 Ohio St.3d 344, 357, 662 N.E.2d 311 (1996).

{¶ 25} R.C. 2929.18(A)(5)(a)(ii) permits a trial court to impose on an offender all or part of the costs of confinement, and R.C. 2941.51(D) mandates that an offender pay some or all of the costs of assigned counsel. However, before these costs can be imposed, the trial court must find the offender has the ability to pay, and this finding must

8.

be supported by clear and convincing evidence in the record. *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 80.

{¶ 26} Clear and convincing evidence is that degree of proof which is more than a mere "preponderance of the evidence," but not of such certainty that is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 27} Here, the trial court found appellant had or reasonably would be expected to have the ability to pay all or a part of the costs of confinement and assigned counsel as well as supervision and prosecution. The record contains evidence that appellant was 22 years old at the time of sentencing, he could read and write English and he had graduated from high school. The record further reveals appellant was single with no dependents, he had no previous criminal record and he had been employed as a real estate agent in Kentucky making $500 a week.

{¶ 28} We conclude the trial court's finding that appellant had or may be expected to have the means to pay the costs of confinement and appointed counsel is supported by clear and convincing evidence in the record. Given the circumstances that appellant was sentenced to less than one year in prison and he is a high school graduate with prior work experience, it was not plain error for the trial court to order appellant to pay the costs of confinement and appointed counsel. Accordingly, the third potential assignment of error is not well-taken.

9.

**{¶ 29}** Next, we have an obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record, including the transcripts of appellant's arraignment, plea hearing and sentencing hearing, does not disclose any errors by the trial court which would justify a reversal of the judgment. We therefore find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is granted.

**{¶ 30}** The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE