[Cite as *State v. Martin*, 2018-Ohio-621.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                      Court of Appeals No. S-17-021

       Appellee                             Trial Court No. 15 CR 996

v.

Jodi A. Martin                                    **DECISION AND JUDGMENT**

       Appellant                            Decided:  February 16, 2018

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Sandusky County Court of Common Pleas.  In this case, the court accepted appellant's plea of guilty to the offense of theft, a violation of R.C. 2913.02(A)(1),  a felony of the fifth degree.  The state recommended the imposition of no more than 60 days in the local jail and restitution to the victim, Fremont VFW, in the amount of $175,000.

{¶ 2} Appellant was sentenced to serve a period of incarceration of 12 months in prison. Appellant was also found to be reasonably expected to have the ability to pay all or part of the costs of assigned counsel and prosecution pursuant to R.C. 2941.51(D) and was therefore ordered to pay those costs.

{¶ 3} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 4} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*.

{¶ 5} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and

2.

original papers from the Sandusky County Court of Common Pleas as well as the brief filed by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 6} At the outset, we note that appellee has not filed a responsive brief and appellant herself has not filed a brief on her own behalf.

{¶ 7} Counsel has not identified any potential assignments of error but has outlined his analysis and review of the record that included examination of the plea, the sentence and effectiveness of trial counsel.

{¶ 8} A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Therefore, before accepting a plea of guilty or no contest to a felony offense, Crim.R. 11(C)(2) requires that a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b), and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c) that he would be waiving. *State v. Acosta*, 6th Dist No. WD-15-066, 2016-Ohio-5698.

{¶ 9} The transcript of the March 21, 2017 plea hearing establishes that the trial court engaged in a full and complete colloquy with appellant concerning her plea as required by Crim.R. 11(C) (2). Appellant understood the nature of her guilty plea and answered affirmatively when advised of each of her constitutional rights that she would

3.

be forfeiting by not proceeding to trial. She also acknowledged that the court was not bound by the recommendation of the prosecution concerning the 60 day jail sentence and that she could be sentenced up to a maximum period of incarceration of 12 months in prison and be subjected to as much as a $2,500 fine and costs as well as restitution in the amount of $175,000. She was also appropriately notified of her postrelease control. Based upon this review, we agree with counsel and find no error in the plea before the trial court.

{¶ 10} Appellant was sentenced to serve a period of 12 months imprisonment, which is the maximum period of incarceration for a fifth-degree felony pursuant to R.C. 2929.14(A)(5). As such, although entitled to an appeal as of right under R.C. 2953.08(A)(1), her sentence is reviewed under R.C. 2953.08(G), which compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.

{¶ 11} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

4.

**{¶ 12}** The transcript of the May 22, 2017 sentencing hearing establishes that the court had reviewed a presentence report, listened to statements of the victim, in this instance, the Fremont VFW. The court also listened to statements from appellant's mother as well as statements made by counsel. It appears from the transcript that appellant declined to make a statement to the court prior to sentencing. The court also indicated that it heard the evidence in the co-defendant's case as to the manner in which the theft occurred from the VFW.

**{¶ 13}** It is undisputed that appellant was convicted of a fifth-degree felony. R.C. 2929.13(1)(a) states as follows:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the

5.

court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 14} There is no dispute that this was appellant's first felony conviction. Nothing in the record suggests that the court made a request of the Department of Rehabilitation and Correction, and there is no claim that appellant has a previous misdemeanor conviction for an offense of violence. I t would seem then that appellant should have received a community control sanction. Application of R.C. 2929.13(B)(1)(a), however, is subject to R.C. 2929.13(B)(1)(b).

{¶ 15} The record establishes that appellant was employed at the Fremont VFW as a canteen manager along with a co-defendant. The canteen manager was responsible for reconciling money with bank deposits and a software program. Thus, appellant held a position of trust with the organization and her position facilitated the felony theft offense to which she pled guilty. The trial court is specifically given discretion to impose a prison term under these circumstances under R.C. 2929.13(B)(1)(b) (viii).

{¶ 16} The court concluded that it had found appellant not amenable to community control and considered the 60 day jail sentence to be demeaning given that the victim was the VFW and the amount of the restitution was $175,000.

6.

{¶ 17} A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 18} A sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.). In fact, no specific recitation is required; merely stating that the court considered the statutory factors is sufficient. *Id.* Moreover, the trial court is not required to give any particular weight or emphasis to any factor. It is merely required to consider the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23. We also note that the trial court's failure to discuss a particular factor does not mean that the court did not consider that factor. *State v. Moss*, 11th Dist. Ashtabula No. 2016-A-0047, 2017-Ohio-1507, ¶ 54.

{¶ 19} Here, our examination of the entire record establishes that the trial court considered all relevant applicable statutory factors.

{¶ 20} After a thorough review of the entire record including the pleadings, transcripts and reports made available to the court, we find no error in the trial court's imposition of the sentence in this case.

**{¶ 21}** We have also examined the entire record in this case to determine whether trial counsel was ineffective in his representation of appellant.  In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  After our review of the record, we also agree with counsel and find no merit to this potential argument.

## Conclusion

**{¶ 22}** We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error.  The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is found to be wholly frivolous.

**{¶ 23}** The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE