[Cite as *State v. Kubat*, 2018-Ohio-3088.]

# IN THE COURT OF APPEALS OF OHIO

## SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

STATE OF OHIO,
Plaintiff-Appellee,

v.

THOMAS E. KUBAT,
Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 CAS 0012.

---

Criminal Appeal from the
Court of Common Pleas of Sandusky County, Ohio
Case No. 12 CR 1069

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb,
Judges of the Seventh District Court of Appeals,
sitting by assignment.

**JUDGMENT:**
Affirmed.

---

*Atty. Timothy Braun*, Sandusky County Prosecutor, Sandusky County Courthouse, 622 Croghan Street, Freemont, Ohio 43420, for Plaintiff-Appellee, and

*Atty. Karin L. Coble*, 316 N. Michigan Street, Suite 600, Toledo, Ohio 43601, for Defendant-Appellant.

**Dated: August 3, 2018**

**Donofrio, J.**

{¶1}  Defendant-appellant, Thomas Kubat, appeals from a Sandusky County Common Pleas Court judgment re-sentencing him to ten years in prison following his convictions for five counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(3), third-degree felonies.  This appeal comes after appellant's previous appeal resulted in this court remanding this matter for resentencing.  *State v. Kubat*, 6th Dist. No. S-13-046, 2015-Ohio-4062.

{¶2}  On September 12, 2012, appellant was charged with unlawful sexual conduct with a minor and rape in a 22 count indictment. Counts 1 through 11 were for unlawful sexual conduct with a minor (one count for each month between September of 2011 and July of 2012). Counts 12-22 were for rape (one count for each month between September of 2011 and July of 2012). The victim in all of the charges was a minor, E.M. At the time the offenses began, E.M. was 14 years old and appellant was 32 years old.

{¶3}  On October 17, 2013, appellant entered into a plea agreement with the plaintiff-appellee, the State of Ohio. Appellant entered pleas of no contest to Counts 5 and 6. Appellant also entered pleas of no contest to Counts 13, 14, and 15 which were amended to unlawful sexual conduct with a minor. The trial court accepted appellant's no contest pleas, ordered a presentence investigation, and scheduled a sentencing hearing.

{¶4}  At the sentencing hearing, the trial court sentenced appellant to five years on each count. The trial court ordered that the sentences for Counts 5 and 6 were to run concurrent. The sentences for Counts 13, 14, and 15 were also to run concurrent. The sentences for Counts 5 and 6 were to run consecutive to the sentences for Counts 13, 14, and 15 for a total of ten years. Appellant appealed raising four assignments of error.

{¶5}  The assignments of error challenged the trial court's judgment denying appellant's motion to suppress and his sentence. This court affirmed the denial of the motion to suppress and reversed appellant's sentence on the basis that the trial court did not make the necessary findings for consecutive sentences at the sentencing hearing. The matter was remanded to the trial court for resentencing.

**{¶6}** On remand, the trial court then made the necessary findings and issued the same sentence. The trial court entered appellant's sentence in a judgment entry dated February 17, 2017. Appellant timely filed a notice of appeal on March 15, 2017.

**{¶7}** Appellant's appointed counsel has filed a no merit brief and requested leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). "Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw." *State v. Martin*, 6th Dist. No. S-17-021, 2018-Ohio-621, ¶ 3 citing *Anders* at 744. "This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal." *Id.* "In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters." *Id.* "Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous." *Id.* "If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements." *Id.*

**{¶8}** Counsel's brief states that she performed a careful review of the record and transcripts in this case, communicated with appellant via ordinary mail, and researched the law and its relation to this case. Counsel concludes that this appeal is wholly frivolous and without arguable merit. Counsel's brief also includes a proposed assignment of error which challenges appellant's sentence.

**{¶9}** On May 11, 2017, counsel sent appellant a letter via priority U.S. mail explaining that she was filing an *Anders* brief, explaining what an *Anders* brief is, and informing appellant that he has the right to file a pro se brief. This letter included a copy of counsel's *Anders* brief. Appellant's counsel followed the appropriate *Anders* procedure.

**{¶10}** On June 1, 2017, appellant requested a continuance in order to file a supplemental pro se brief. Appellant's continuance was granted and appellant was given until January 19, 2018 to file his brief. But appellant did not file a supplemental brief.

**{¶11}** Before we analyze the merit of appellant's proposed assignment of error, we must address a "motion to submit addendum to appeal" filed by appellant pro se dated April 18, 2018. Per this Court's prior ruling, appellant was given until January 19, 2018 to

file his brief in this appeal. As appellant's motion to submit addendum to appeal is untimely, it is hereby overruled.

{¶12} Appellant's counsel's sole proposed assignment of error states:

> THE TRIAL COURT'S IMPOSITION OF SENTENCE IS UNSUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

{¶13} This court previously reversed and remanded appellant's sentence. We affirmed the trial court's judgment in all other respects. Therefore, this appeal is limited to reviewing the re-sentencing hearing and the resulting sentence.

{¶14} An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1, citing R.C. 2953.08(G)(2).

{¶15} Addressing the sentence on each count individually, the trial court sentenced appellant to five years of incarceration on all five unlawful sexual conduct with a minor convictions. Pursuant to R.C. 2929.14(A)(3)(a), unlawful sexual conduct with a minor in violation of R.C. 2907.04 has a prison term of up to sixty months, or five years. The trial court's imposition of five years on each count is not clearly and convincingly contrary to law.

{¶16} In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court did so here. It stated that it was sentencing appellant in order to protect the public and to punish appellant. (Tr. 34).

{¶17} The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12(B)(C)(D)(E). While the trial court did not specifically refer to each factor in this case, the record reveals that the court considered the factors. The court made several findings going to the statutory factors. For instance, the court noted that the abuse began when the victim was in eighth grade and of "tender years." (Tr. 30). The court also noted that it weighed the damage that was done to the victim "pretty

heavily." (Tr. 30). Both of these findings indicate that appellant's conduct was more serious than that normally constituting the offense. See R.C. 2929.12(B)(1)(2). The court also noted that it listened to appellant's statement in allocution and considered his remorse and wish that he had acted differently. (Tr. 32). This finding indicates that appellant expressed genuine remorse and is less likely to commit future crime. See. R.C. 2929.12(E)(5). These findings regarding the statutory seriousness and recidivism factors demonstrate that the trial court considered the applicable factors.

**{¶18}** The trial court sentenced appellant to maximum sentences. But although the General Assembly has reenacted the judicial fact-finding requirement for consecutive sentences, it has not revived the requirement for maximum sentences. *State v. Riley*, 7th Dist. No. 13 MA 180, 2015–Ohio–94, ¶ 34. Therefore, the trial court was not required to make any special findings before sentencing appellant to maximum sentences.

**{¶19}** Addressing the imposition of consecutive sentences, in order to issue consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b), or (c) of R.C. 2929.14(C)(4). *State v. Jackson*, 7th Dist. No. 14 MA 99, 2015-Ohio-1365.

**{¶20}** During appellant's re-sentencing hearing on February 21, 2017, the trial court found that "the consecutive sentence is necessary to protect the public from future crime or to punish the offender." (Tr. 34). The trial court also found that the "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the Defendant possesses to the public[.]" (Tr. 35). Finally, the trial court found that "at least two of the multiple offenses were committed as a part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the offender's conduct." (Tr. 34-35).

**{¶21}** The trial court made the necessary findings for consecutive sentences. With regard to the R.C. 2929.14(C)(4) subsections, the trial court found that consecutive sentences were necessary pursuant to R.C. 2929.14(C)(4)(b).

Case No. 17 CAS 0012

**{¶22}** Analyzing the trial court's February 21, 2017 sentencing entry, the entry states that a consecutive sentence was necessary to punish appellant. It also states that "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great that no single prison sentence for any of the offenses committed adequately reflects the seriousness of the offender's conduct." Finally, the entry states that "consecutive sentences are not disproportionate to the seriousness of the offender[']s conduct and to the danger the Defendant poses to the public." These findings are sufficient to satisfy R.C. 2929.14(C)(4). After a review of the record, appellant's sentence is not clearly and convincingly contrary to law.

**{¶23}** In sum, the proposed assignment of error identified by appellant's counsel lacks merit and is overruled. Furthermore, upon review of the case file and appellate filings, there are no appealable issues.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed and counsel's motion to withdraw is granted.

Waite, J., concurs

Robb, P. J., concurs

---

For the reasons stated in the Opinion rendered herein, the proposed assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Sandusky County, Ohio, is affirmed.

Case No. 17 CAS 0012

Counsel's motion to withdraw is hereby granted. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**JUDGE GENE DONOFRIO, of the
Seventh District Court of Appeals,
sitting by assignment.**

**JUDGE CHERYL L. WAITE, of the
Seventh District Court of Appeals,
sitting by assignment.**

**JUDGE CAROL ANN ROBB, of the
Seventh District Court of Appeals,
sitting by assignment.**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 17 CAS 0012