[Cite as *State v. Grace*, 2019-Ohio-3812.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

        Appellee

v.

Jayme L. Grace

        Appellant

Court of Appeals No. S-18-044

Trial Court No. 18 CR 563

**<u>DECISION AND JUDGMENT</u>**

Decided: September 20, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

James H. Ellis, III, for appellant.

* * * * *

**MAYLE, P.J.,**

{¶ 1} This is an appeal from an October 9, 2018 judgment of the Sandusky County

Court of Common Pleas that sentenced the defendant-appellant, Jayme L. Grace, to three

concurrent 12-month prison terms for two counts of trafficking in heroin and one count of

aggravated possession of drugs—all felonies of the fifth degree—after the court found

that Grace had violated the terms of her Intervention in Lieu of Conviction (ILC) by testing positive for drugs. Grace argues that the trial court violated multiple sentencing statutes in imposing a prison term rather than community control. Finding no error, we affirm.

**Facts and Procedural History**

{¶ 2} The following undisputed facts are relevant to this appeal. On May 22, 2018, Grace was indicted on two counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1)(C)(6)(a), and a single count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a)—all felonies of the fifth degree. According to the record, Grace sold heroin to an undercover Fremont Police Officer on January 27, 2017 and again on February 23, 2017. On the latter date, Grace was also found with .21 grams of Fentanyl in her possession.

{¶ 3} Grace moved for Intervention in Lieu of Conviction pursuant to R.C. 2951.041. A change of plea hearing was held on July 30, 2018, at which the court found that Grace was eligible to participate in the program. The court accepted Grace's guilty plea but did not make any findings. Instead, it stayed all criminal proceedings pending her compliance with the terms of her intervention plan, and placed her under the control of the Sandusky County Community Control Department for a period of three years. The court advised Grace that "[i]f you * * * test positive for drugs, that is a violation, and you'll go to prison" and that she faced a maximum possible penalty of 36 months in prison if convicted, i.e. 12 months for each count.

2.

**{¶ 4}** That same day, Grace signed and initialed "The General Rules and Conditions of Probation of The Sandusky County Common Pleas Court," which incorrectly stated that the trial court had placed her under *community control* when, in fact, the court had granted her request for intervention in lieu of conviction. Regardless, it appears from our review of the record that the court (and parties) collectively understood that this ill-fitting probation form was intended to function as Grace's "intervention plan" under R.C. 2951.041(D).[1] Relevant to this appeal, paragraph one of this form required Grace to comply with all federal, state, and local laws, and paragraph four provided that Grace "SHALL not use, possess, purchase, sell or distribute any controlled substance" and that she was "subject to testing for the detection of illegal/legal drug usage or alcohol consumption."

---

[1] Intervention in lieu of conviction is not synonymous with community control (f.k.a. "probation"). Intervention in lieu of conviction is governed entirely by R.C. 2951.041, which lays out a procedure by which the trial court stays all criminal proceedings, orders the offender to comply with the terms and conditions of a specifically-tailored "intervention plan," and places the offender under the general control and supervision of the county probation department or another comparable agency during the duration of the intervention plan. Under R.C. 2951.041(D), the offender's intervention plan may include "terms and conditions *similar to* community control sanctions," and the offender is placed under the supervision of the probation department of the appropriate county "*as if* the offender was subject to a community control sanction." R.C. 2951.041(D) (emphasis added). *See generally, State v. Trimpe,* 6th Dist. Wood No. WD-18-048, 2019-Ohio-3017, ¶ 24 (Noting that under R.C. 2951.041, "the offender is not *actually* 'subject to a community control sanction' during intervention" because community control is a "sanction," defined by R.C. 2929.01(DD), whereas intervention in lieu of conviction is not punishment but rather "an opportunity for first time offenders to receive help with their dependency without the ramification of a felony conviction.").

3.

{¶ 5} On September 4, 2018, the state filed a "Notice of Probation Violation," which incorrectly stated that Grace "was placed on community control for a period of (3) years." The notice also states that Grace had "violated Rule #4 of the terms and conditions of her probation rules" by testing positive for Heroin, Percocet, and Fentanyl on September 4, 2018.

{¶ 6} On September 7, 2018, Grace appeared before the court, without an attorney, for a hearing on her alleged "probation violation." The court noted that the parties were appearing "on a notice of probation violation, the allegation being that on September 4th, 2018 you admitted to abusing heroin and Percocet; further that you did test positive for Fentanyl in violation of your conditions under the Intervention program." Grace denied the allegations and requested a lawyer. The court granted her request, and continued the matter so that an attorney could be appointed. The court released Grace on her own recognizance, with an ankle monitor in place, and told her, "[s]hould you test positive one more time, you will go to jail. I will act on your guilty plea. I will make a finding, and we'll see where it goes from there, but – Fentanyl scares me. I would hope that it scares you."

{¶ 7} On September 24, 2018, the state filed another "Notice of Probation Violation," which, again, incorrectly stated that Grace "was placed on community control for a period of (3) years." The notice states that Grace had "violated Rule #1 and #4 of the terms and conditions of her probation rules" by testing positive for Fentanyl and Buprenorphine on September 6, 2018, and testing positive for Oxycodone on September 14, 2018.

4.

On October 3, 2018, Grace appeared before the court for hearing, this time with counsel. She admitted the "violations," as alleged by the state, but asked the court to continue her ILC. The state requested that the court enter a finding on the previously-entered guilty plea and proceed to sentencing. The trial court denied Grace's request to continue on Intervention, found her guilty of the felonies, and stated that it was "going to impose the underlying [prison] sentence." At the urging of the prosecutor, defense counsel, and Grace, however, the court continued the matter for one week.

{¶ 8} When sentencing resumed on October 9, 2018, the court imposed three, 12-month prison terms, one for each count, to be served concurrently. Grace appealed and asserts a single assignment of error:

ASSIGNMENT OF ERROR: The trial court erred by failing to comply with applicable statutes in sentencing the appellant.

**Law and Argument**

{¶ 9} Grace does not challenge her removal from the ILC program. Instead, she claims that, following her removal and conviction on the underlying felonies, the trial court erred by sentencing her to prison. Specifically, Grace argues that the trial court abused its discretion by imposing three, 12-month prison terms, to be served concurrently.

{¶ 10} "[A]ppellate courts may not apply [an] abuse-of-discretion standard in sentencing-term challenges." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Instead, we review such sentencing challenges under R.C. 2953.08(G)(2). This statute allows an appellate court to increase, reduce, or otherwise

5.

modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 11} A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (Noting that while R.C. 2953.08(G)(2) prohibits courts from applying the abuse of discretion standard, as set forth in *Kalish,* that *Kalish* "may still be utilized [for purposes of] determining whether a sentence is clearly and convincingly contrary to law."). If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶ 12} Grace argues that the trial court erred by imposing a prison term, rather than a community control sanction, under R.C. 2929.13(B)(1)(a). Grace also argues that

6.

the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and that it erred by imposing the "maximum" sentences allowed. We address each argument below.

{¶ 13} R.C. 2929.13(B)(1), as effective during the relevant time period, provides,

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to *a felony of the fourth or fifth degree* that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

7.

(b) The court has discretion to impose a prison term upon an

offender who is convicted of or pleads guilty to _a felony of the fourth or_

_fifth degree_ that is not an offense of violence or that is a qualifying assault

offense if any of the following apply:  [(i)-(xo) described therein]

(Emphasis added.).

{¶ 14} Thus, R.C. 2929.13(B)(1)(a) creates a presumption against imposing prison time and in favor of community control where the defendant is convicted or pleads guilty to a fourth or fifth-degree felony that meets certain criteria.  _State v. Goldsmith,_ 6th Dist. Lucas No. L-16-1126, 2017-Ohio-484, ¶ 9.  Despite this presumption, a trial court may sentence an offender to prison if the court finds one of the factors under R.C. 2929.13(B)(1)(b)(i)–(xi) exists to overcome the presumption.  _Id._

{¶ 15} Grace argues, and the state does not dispute, that she met the presumption in favor of community control under R.C. 2929.13(B)(1)(a).  The parties disagree, however, as to whether the presumption was overcome under Section (B)(1)(b).  As set forth below, we disagree that Grace was entitled to the presumption of community control under R.C. 2929.13(B)(1)(a) and, therefore, we do not reach the merits of the parties' respective arguments under Section (B)(1)(b).

{¶ 16} Recently, we held that, under the plain language of R.C. 2929.13(B)(1)(a), the community control presumption set forth therein "applies only where the defendant pleads guilty to a _singular_, nonviolent felony of the fourth or fifth degree."  (Emphasis added.)  _State v. Boswell,_ 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 20, 22 citing _State v. Bentley_, 11th Dist. Ashtabula No. 2017-A-0017, 2017-Ohio-8943, ¶ 19

8.

(Community control presumption "only applies upon a court's sentencing an offender for a single fourth-or fifth-degree felony, not multiple ones."); and *State v. Durant*, 7th Dist. Belmont No. 15BE0010, 2016-Ohio-8173, ¶ 9 (Agreeing that "if the legislature intended to apply the statute to cases involving multiple charges, it would have pluralized the term 'felony.'"). Accordingly, under *Boswell,* because Grace pled guilty to multiple fifth degree felonies, she was not entitled to the presumption of community control under R.C. 2929.13(B)(1)(a).

{¶ 17} We next consider Grace's claim that the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 18} Grace correctly points out that the trial court did not specifically indicate, at sentencing or in its judgment entry, that it considered these statutes. It is well-recognized, however, that where the record is silent, there is a presumption that the trial court gave proper consideration to R.C. 2929.11 and 2929.12. *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988); *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34-35. *See also State v. Seele*, 6th Dist. Sandusky No. S-13-025, 2014-Ohio-1455, ¶ 19 ("While it is true that the trial court did not expressly state in either its judgment entry or during the sentencing hearing that it had balanced the principles and purposes of sentencing against the seriousness of the offense and the likelihood of recidivism under R.C. 2929.11 and 2929.12, we must presume that the trial court gave those statutes proper consideration."). It is up to the defendant to rebut this presumption. *Rutherford* at ¶ 34-35. "Thus, the issue before us is whether the record

9.

demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so." *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 19} R.C. 2929.11 explains that " [t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 20} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *."  It requires that " [i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender' s recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing.  R.C. 2929.12(A).

{¶ 21} At sentencing in this case, the state argued that the trial court had a "responsibility to send [a] message to the community" by imposing a prison term because "without drug traffickers * * * we don't have drug users."  Grace's counsel requested that

10.

her client be allowed to enroll in a residential treatment facility, but interestingly, Grace herself acknowledged that "being sent to prison might get me the help that I really need." The trial court offered the following explanation in support of the sentence:

> There are so many opportunities for treatment, but * * * it's that old argument – you can lead the horse to the water; you can't make them drink. I know a lot of people dropping dead because they wouldn't help themselves * * *.
>
> My job is to help [Grace] reach her bottom quicker so she can say, yeah, I think it's time. * * * [W]e've given her several opportunities to address the issue, and if I accept her excuse that, boy, it's hard, I know it's hard. * * * I'm going to do what I think is best to help her reach her bottom. * * * It's a life or death sort of opportunity for her.
>
> I'm going to impose one year prison on each count. I will have them run concurrent. * * *
>
> I understand you probably don't think kindly of me right now. Perhaps, when you get a little older, you'll thank me. Good luck. * * * In my mind, I'm doing the right thing.

{¶ 22} Grace complains that the trial court failed to consider the benefit to the community of allowing her to participate in drug rehabilitation. She maintains that the court was instead "intent on punishing [her] for her continued drug use." To the contrary, the court' s assessment – that Grace was "not able to help [her]self" and that she faced a "life or death" situation – reflects its judgment that incapacitating Grace was necessary

11.

and could have a deterrent effect by thwarting her ability to use drugs. Moreover, Grace's acknowledgement that prison might be in her best interest underscores the fact that it served a purpose other than to merely punish her.

{¶ 23} Grace also complains that the trial court gave no indication that it considered such mitigating factors as her "expression of true remorse and desire to overcome her addiction." While Grace professed her apologies, she also declined to identify where she obtained the Fentanyl, when asked by the court, except to say "[s]omebody," which undercuts her claim of remorse. *Accord, State v. Lucas,* 11th Dist. Lake No. 2016-Ohio-063, 2017-Ohio-429, ¶ 14.

{¶ 24} We therefore find that Grace fails to rebut the presumption that the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, when it sentenced her to prison.

{¶ 25} Finally, Grace alleges that the trial court was required to make certain factual findings before imposing the maximum sentence. In support, Grace cites cases interpreting a version of R.C. 2929.14 that was ruled unconstitutional by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Since *Foster*, trial courts have "'full discretion to impose a prison sentence within the statutory range,'" up to and including the maximum sentence for a given crime. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 13, quoting *Foster* at ¶ 100. And although the Ohio legislature reenacted portions of R.C. 2929.14 that the Supreme Court excised in *Foster*, the requirement that the trial court make specific findings before

12.

imposing maximum sentences was not one of them. *State v. Kubat*, 6th Dist. Sandusky No. 17 CAS 0012, 2018-Ohio-3088, ¶ 18. Therefore, under the applicable version of R.C. 2929.14, a trial court is not required to make any special findings before imposing maximum sentences. *Id.* The trial court's failure to make such findings was not error.

{¶ 26} We find that the trial court complied with all applicable sentencing requirements when it sentenced Grace to prison and that her sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2). Accordingly, her assignment of error is not well-taken, and the October 9, 2018 judgment of the Sandusky County Court of Common Pleas is affirmed. Grace is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                             _____

Christine E. Mayle, P.J.             JUDGE

Gene A. Zmuda, J.                               _____
CONCUR.                                        JUDGE

                                                    _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.