[Cite as *State v. Wood*, 2015-Ohio-4243.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                         :          APPEAL NO. C-150197
                                                  TRIAL NO. B-1404854
    Plaintiff-Appellee,            :
                                                  *O P I N I O N.*
  vs.                                  :

SHANA WOOD,                            :

    Defendant-Appellant.           :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  October 14, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michele Berry*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**Mock, Judge.**

{¶1}   Defendant-appellant Shana Wood pled guilty to misuse of credit cards, a fifth-degree felony.  The trial court sentenced her to ten months in prison.  Wood now appeals, bringing forth three assignments of error, all related to the sentence imposed.

{¶2}   Because the trial court failed to properly notify Wood about her postrelease-control obligations, we remand this cause for the trial court to correct that portion of Wood's sentence and provide the required postrelease-control notification.  The judgment of the trial court is otherwise affirmed.

### *Sentencing*

{¶3}   In her first assignment of error, Wood essentially argues that her sentence is contrary to law.  We disagree.

{¶4}   We review Wood's sentence under the standard of review set forth in R.C. 2953.08(G).  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.).  Under that statute, we may modify or vacate a sentence only if we "clearly and convincingly find" that the record does not support the sentencing court's mandatory findings or that the sentence is contrary to law.  R.C. 2953.08(G)(2).

{¶5}   Wood first argues her prison term is contrary to law because the trial court was required to sentence her to community control under R.C. 2929.13(B)(1)(a).  But a review of the record demonstrates that the trial court actually had the discretion to impose a prison term.

{¶6}   R.C. 2929.13(B)(1)(a) provides that for a nonviolent fourth- or fifth-degree felony, a court must impose a community-control sanction of at least a year's

duration if all of the following are met: (1) the offender has not previously been convicted of or pleaded guilty to a felony; (2) the most serious charge at the time of sentencing is a fourth- or fifth-degree felony; (3) if, in a case where the court believes that no acceptable community-control sanctions are available, the court requests a community-control option from the department of rehabilitation and correction, and the department identifies an appropriate program; and (4) the offender has not been convicted of or pleaded guilty to a misdemeanor offense of violence committed during the two years before the commission of the offense for which the court is imposing sentence. *State v. Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3345, ¶ 8.

{¶7} But there is an exception to this rule. A sentencing court has the discretion to impose a prison term for a fourth- or fifth-degree felony if one of 11 criteria listed in R.C. 2929.13(B)(1)(b)(i) through (xi) applies. *Id.* at ¶ 9. Here, R.C. 2929.13(B)(1)(b)(iii) applies, because Wood violated a condition of her bond when she failed to appear at the originally scheduled sentencing. Eventually, a capias was issued for her arrest. Because she had violated a condition of her bond, the trial court had the discretion to impose a prison term.

{¶8} Next, Wood argues that her sentence is contrary to law because the trial court failed to make any findings under R.C. 2929.11 and 2929.12 as to why she was not amenable to community control. This argument is meritless. R.C. 2929.11 and 2929.12 do not require the trial court to make findings. *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 24.

{¶9} Therefore, we hold that Wood's sentence was not clearly and convincingly contrary to law. The first assignment of error is overruled.

{¶10} In her second assignment of error, Wood maintains that the trial court erred by failing to notify her at the sentencing hearing of her postrelease-control obligations. The state concedes this error.

{¶11} When a trial court fails to properly advise an offender about postrelease control, the court has violated its statutory duty, and the portion of the offender's sentence relating to postrelease control is void. *See State v. Williams*, 1st Dist. Hamilton No. C-081148, 2010-Ohio-1879, ¶ 20. Because the trial court failed to provide Wood with the proper postrelease-control notification, we sustain the second assignment of error, and we remand this cause for the trial court to apply the procedures outlined in R.C. 2929.191 to correct the postrelease-control-related sentencing errors.

{¶12} In the third assignment of error, Wood argues that her counsel was ineffective for failing to object to the imposition of a prison term instead of community control and for failing to object to the trial court's failure to notify her of postrelease control at the sentencing hearing.

{¶13} To prevail on her claim, Wood "must show that [her] counsel's representation fell below an objective standard of reasonableness" and that she was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶14} After reviewing the record, we find, with respect to trial counsel's failure to object to the imposition of a prison term, that Wood cannot show that her counsel's representation fell below an objective standard of reasonableness where the trial court had the discretion to impose a prison term. And Wood cannot demonstrate that she was prejudiced by her counsel's failure to object to the trial

court's failure to notify her about postrelease control. In fact, the lack of notification worked to Wood's benefit. If she is not notified of her postrelease-control obligations prior to being released from prison, she will not be subject to postrelease-control. Accordingly, the third and final assignment of error is overruled.

{¶15} Therefore, this cause is remanded for the trial court to properly notify Wood about her postrelease-control obligations. The judgment of the trial court is otherwise affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

HENDON, P.J., and **Cunningham, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.