[Cite as *State v. Cottom*, 2016-Ohio-6993.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0024** |
| EUGENE C. COTTOM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2015 CR 00362.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Dean F. Topalof* and *Marie Lane*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Eugene C. Cottom, appeals from the February 22, 2016 sentencing entry of the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment.

{¶2} This case emanates from an incident that occurred in the Ashtabula City Jail Building on or about June 16, 2015. Appellant was accused of causing significant damage to the building and its contents by setting off the sprinkler system in his cell with

a lighter and then flushing that lighter down a toilet to avoid being caught. As a result, the entire jail was flooded; water ran into the records/dispatch area, the basement, and secured evidence areas.

{¶3} Appellant was initially arraigned in the Ashtabula Municipal Court and released on a personal recognizance bond. The matter was then bound over to the Ashtabula County Court of Common Pleas, which continued the personal recognizance bond. On July 23, 2015, appellant was indicted on three counts: (1) Arson, a fourth-degree felony, in violation of R.C. 2909.03(A)(1); (2) Inducing Panic, a fifth-degree felony, in violation of R.C. 2917.31(A)(3)&(C)(4); and (3) Tampering with Evidence, a third-degree felony, in violation of R.C. 2921.12.

{¶4} In August 2015, appellant was placed on basic supervision community control for an unrelated May 2015 conviction of one count of Aggravated Possession of Drugs, a fifth-degree felony. Appellant subsequently failed to appear at his plea status review in the within matter, which was scheduled for October 20, 2015. A capias was issued for appellant's arrest.

{¶5} At the rescheduled plea status review on January 19, 2016, appellant indicated he had entered into a plea agreement with the state, pursuant to which the state recommended dismissal of Counts One and Two of the indictment. The state also agreed to reduce Count Three to a charge of Attempted Tampering with Evidence, a fourth-degree felony, in violation of R.C. 2923.02 and R.C. 2921.12(A)(1). The state recommended imposition of a community control sanction and stated it would not pursue an indictment for appellant's Failure to Appear. The trial court accepted

2

appellant's plea of guilty to Attempted Tampering with Evidence, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1971).

{¶6} Following a February 16, 2016 sentencing hearing, the trial court determined appellant was not amenable to a community control sanction and sentenced him to a maximum term of 18 months in prison. Appellant appealed this entry and has assigned only one error for our review:

{¶7} "The maximum prison sentence imposed by the trial court is clearly and convincingly contrary to law."

{¶8} Appellant asserts the trial court erred by imposing a discretionary prison sentence, rather than a community control sanction, for his fourth-degree felony conviction, pursuant to R.C. 2929.13(B).

{¶9} R.C. 2953.08(G) sets forth the standard of review for all Ohio felony sentencing appeals and states, in pertinent part, that the "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division (B) * * * of section 2929.13[.]"

{¶10} R.C. 2929.13(B)(1)(a) states, in pertinent part: "Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

3

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

Even if all four factors are present, R.C. 2929.13(B)(1)(b) provides the trial court with discretion to impose a prison term upon such an offender, as opposed to a community control sanction, if one of eleven enumerated exceptions to (B)(1)(a) apply.

{¶11} Appellant was sentenced in this matter on February 22, 2016. Previously, on May 28, 2015, appellant was convicted of Aggravated Possession of Drugs, a fifth-degree felony, in the Ashtabula County Court of Common Pleas. Pursuant to R.C. 2929.13(B)(1)(a)(i), mandatory community control sanctions were not available to appellant for his current fourth-degree felony conviction. It was therefore not necessary for the trial court to consider whether one of the exceptions listed in (B)(1)(b) applied.[1]

{¶12} When R.C. 2929.13(B)(1) does not apply, such that the trial court finds the defendant is not eligible for or amenable to a community control sanction, it must apply

---

1. We note, however, that one exception did apply, such that the trial court would still have had discretion to impose a prison term even if he had no prior felony convictions: "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii); *see also State v. Wood*, 1st Dist. Hamilton No. C-150197, 2015-Ohio-4243, syllabus. Appellant violated a condition of his personal recognizance bond when he failed to appear for his plea status review and a capias was issued for his arrest. Although the state agreed not to pursue a conviction for Failure to Appear, the fact of the matter is reflected in the record and in the transcript of the plea hearing.

R.C. 2929.13(B)(2) before imposing a prison term for a fourth-degree felony. "[T]he sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2); *see also State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶9.

{¶13} The trial court's sentencing entry states the following:

> The Court has considered the record, oral statements, any victim impact statement, the presentence investigation, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.
>
> In fashioning the sentence to be imposed in this case, the Court's discretion has been guided by the following considerations. The Court finds that the offender is not amenable to an available combination of community control sanctions because this is the defendant's second felony conviction; the defendant caused significant damage to the Ashtabula City jail; and the defendant received a very favorable plea negotiation.
>
> The Court finds that a prison sentence is consistent with the purposes and principles of sentencing under R.C. 2929.11 because a prison sentence is commensurate with the seriousness of the offender's conduct and its impact on the victim, because it is reasonably necessary to deter the offender in order to protect the public from future crime, and because it would not place an unnecessary burden on governmental resources.
>
> The Court further finds that the defendant has not previously served time in a prison for a criminal offense.

{¶14} Because appellant was not eligible for mandatory community control and the trial court complied with R.C. 2929.13(B)(2) before imposing a discretionary term of imprisonment, we hold that appellant's sentence is not contrary to law.

{¶15} Appellant's sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.