[Cite as *State v. Cotterman*, 2019-Ohio-1296.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0036** |
| STACEY M. COTTERMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2017 CR 00352.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Stacey M. Cotterman, appeals from the March 22, 2018 judgment entry of sentence of the Ashtabula County Court of Common Pleas. The trial court's judgment is affirmed for the following reasons.

{¶2} On July 26, 2017, appellant was indicted on the following counts: Count 1, aggravated possession of drugs, a third-degree felony in violation of R.C. 2925.11(A) & (C)(1)(b); Count 2, possessing criminal tools, a fifth-degree felony in violation of R.C.

2923.24; and Count 3, possession of marihuana, a minor misdemeanor in violation of R.C. 2925.11(A) & (C)(3).

{¶3} Appellant was arraigned on September 11, 2017, and entered a plea of not guilty to the charges. She was released on a personal recognizance bond set at $10,000.00.

{¶4} On January 10, 2018, appellant entered a written and oral plea of guilty to Counts 2 and 3. The state agreed to dismiss Count 1. The trial court found appellant guilty of Counts 2 and 3 and ordered a presentence investigation report.

{¶5} Appellant failed to appear for her sentencing hearing on February 20, 2018. A capias was issued for appellant's arrest, and her bond was revoked.

{¶6} Appellant was sentenced on March 19, 2018. The trial court filed its judgment entry of sentence on March 22, 2018, ordering appellant to serve 11 months in prison.

{¶7} Appellant noticed a timely appeal on April 6, 2018. Appellant raises one assignment of error, which states:

{¶8} "The trial court erred when sentencing appellant to a term of actual incarceration."

{¶9} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's

2

findings under division * * * (B) or (D) of section 2929.13 * * * (b) [t]hat the sentence is otherwise contrary to law." *Id.*

**{¶10}** "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.*, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

**{¶11}** Appellant concedes that her sentence is not contrary to law. She argues, however, that the record does not support the trial court's imposition of a near maximum sentence.

**{¶12}** At the time appellant was sentenced, R.C. 2929.13(B)(1)(a) stated, in pertinent part: "Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

3

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

R.C. 2929.13(B)(1)(b) provides that even when all four factors are present, the trial court has discretion to impose a prison term, as opposed to a community control sanction, upon such an offender if one of 11 enumerated exceptions to (B)(1)(a) apply.

{¶13} Appellant was sentenced in this matter on March 19, 2018. Previously, in 2014, appellant pleaded guilty to and was convicted of medicaid fraud, a fifth-degree felony, in the Franklin County Court of Common Pleas. Pursuant to R.C. 2929.13(B)(1)(a)(i), mandatory community control sanctions were not available to appellant for her current fifth-degree felony conviction. It was therefore not necessary for the trial court to consider whether one of the exceptions listed in (B)(1)(b) applied.[1]

{¶14} When R.C. 2929.13(B)(1) does not apply, and the trial court finds the defendant is not eligible for or amenable to a community control sanction, it must apply R.C. 2929.13(B)(2) before imposing a prison term for a fifth-degree felony. "[T]he sentencing court shall comply with the purposes and principles of sentencing under

---

1. The trial court nevertheless considered the (B)(1)(b) exceptions and made findings consistent with R.C. 2929.13(B)(1)(b)(iii) & (xi), to wit: that appellant "committed the offense while under a community control sanction" and that she "violated a term of the conditions of bond as set by the court." The record supports the trial court's findings. Accordingly, even if appellant had no prior felony convictions, the trial court still had discretion to impose a prison term.

4

section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

R.C. 2929.13(B)(2); *see also State v. Cottom*, 11th Dist. Ashtabula No. 2016-A-0024, 2016-Ohio-6993, ¶12, citing *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶9.

{¶15} Prior to imposing sentence, the trial court stated it had reviewed the presentence investigation report. The trial court further stated:

> The Court's considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offender and to protect the public from future crime. The Court considered both recidivism and seriousness factors in this case. The Court does note that this is the lowest level felony and then there's a minor misdemeanor here. The Court also notes that there is a prior criminal record. This is your second felony conviction here[.]
>
> There is a criminal record at both the adult and juvenile levels. However, there is a portion of time here where there was no criminal activity that was between 2008 and '13. So I'm not sure - - sounds like you were doing fine during that time.
>
> * * *
>
> You've not been law abiding, unfortunately, for several years here. This offense did occur while you were on community control in a Franklin County case. I believe the Case Number is 13 CR 3236. Unfortunately, you haven't responded favorably to sanctions previously imposed and you were put on community control and so forth. And then you continue to go down this route of criminal activity. That's what needs to stop. I think you understand that.

The trial court noted that appellant showed remorse, but further stated:

> Now, unfortunately, you have failed to report on pretrial supervision. Again, as you noted this may have been due to the drug addiction issue. You have missed several scheduled office visits here pursuant to this report. There was no injury or damage to persons here. You did test positive for methamphetamine, amphetamine, MDMA and marijuana here.
>
> * * *

5

So the Court finds that community control would demean the seriousness of the conduct in this case and would not adequately protect the public.

{¶16} Although appellant concedes the trial court considered R.C. 2929.11 and R.C. 2929.12, she maintains the trial court should have given greater weight to the applicable factors under R.C. 2929.12(C), "indicating that the offender's conduct is less serious than conduct normally constituting the offense," and R.C. 2929.12(E), "indicating that the offender is not likely to commit future crimes." Appellant contends it "is clear the factors supporting incarceration are outweighed by the factors in favor of community control." However, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶17} The trial court had broad discretion in sentencing based on appellant's criminal history and history of noncompliance. The trial court's findings are supported by the record. Accordingly, we cannot clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.13(B).

{¶18} Appellant's sole assignment of error is without merit.

{¶19} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6