[Cite as *State v. Bothuel*, 2021-Ohio-875.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-20-1053 |
| Appellee | Trial Court No. CR0201902776 |
| v. | |
| Lewis Bothuel | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 19, 2021 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Lewis Bothuel, appeals the February 14, 2020 judgment of the
Lucas County Court of Common Pleas sentencing him to a non-life indefinite prison term
of a minimum of six years and a maximum of nine years. For the following reasons, we
affirm the trial court's judgment.

## I.  Background

{¶ 2} On October 9, 2019, Bothuel was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a first-degree felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(3) and (C), a first-degree felony; and one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a second-degree felony.  Each count included a related firearm specification in violation of R.C. 2941.145(A), (B), (C), and (F).  On October 16, 2019, Bothuel appeared for his arraignment and entered a not guilty plea to all three counts.

{¶ 3} On January 30, 2020, Bothuel appeared for a change of plea hearing. Following negotiations with the state, Bothuel agreed to enter a guilty plea to an amended count of burglary, a second-degree felony, and the state agreed to request dismissal of the aggravated robbery charge, the felonious assault charge, and the firearm specification for all three counts.  The state also agreed to refrain from making a sentencing recommendation.  The trial court accepted Bothuel's guilty plea and ordered him to participate in a presentencing interview before his sentencing hearing on February 13, 2020.

{¶ 4} At the sentencing hearing, the trial court imposed a non-life definite prison term of a minimum of six years and maximum of nine years for appellant's burglary conviction.  The trial court dismissed the remaining counts and all related firearm specifications at the state's request.  Bothuel's sentence was memorialized in a judgment

2.

entry on February 14, 2020.  He timely appeals and asserts the following errors for our review:

> 1.  The sentencing provisions of Senate Bill 201, otherwise known as the Reagan Tokes Act, are unconstitutional.
>
> 2.  Appellant's sentence does not achieve the purposes and principles of sentencing.

{¶ 5} We will address his assignments of error in reverse order.

## II.  Law and Analysis

### A.  Bothuel's sentence is not otherwise contrary to law.

{¶ 6} In his second assignment of error, Bothuel argues that his sentence is contrary to law because the trial court did not properly consider the purposes of felony sentencing under R.C. 2929.11 or appropriately weigh the seriousness and recidivism factors under R.C. 2929.12 when it fashioned his sentence.

{¶ 7} We review felony sentences under R.C. 2953.08(G)(2).  *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20.  We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that:  (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law."  *Id.*, citing R.C. 2953.08(G)(2).  In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio- 425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court

3.

has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range. The burden is on the appellant to identify clear and convincing evidence in the record that the sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 8} Bothuel argues that his prison sentence was contrary to law because the trial court "gave insufficient weight to the mitigating factors of [his] case." He argues that the mitigating factors identified at his sentencing hearing—i.e., his expression of remorse and that his involvement in the unlawful conduct was "minor in comparison to the other co-defendants (sic)"—should have resulted in the imposition of a term of community control rather than a prison term. Essentially, he asks this court to make an independent determination as to whether the record supports his sentence under R.C. 2929.11 and 2929.12. We are not authorized to make such a determination.

{¶ 9} In *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court held that although trial courts are obligated to consider the factors identified in R.C. 2929.11 and 2929.12 when imposing felony sentences, R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Accordingly, Bothuel's arguments are without merit and his second assignment of error is found not well-taken.

4.

**B. Under *Maddox*, Bothuel's constitutional challenge to the Reagan Tokes Law is not ripe for review.**

{¶ 10} In his first assignment of error, Bothuel argues that his sentence is unconstitutional because Senate Bill 201 ("the Reagan Tokes Law"), the statute under which he was sentenced, violated the separation-of-powers doctrine, denied him his right to a jury trial, and denied him his due process rights.

{¶ 11} The Reagan Tokes Law became effective on March 22, 2019. The law implemented "an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date." *State v. Sawyer*, 6th Dist. Lucas No. L-19-1198, ¶ 18, citing *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. In *Sawyer*, we identified the manner in which indefinite sentences are to be imposed stating:

> The [Reagan Tokes] Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and

5.

(3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *Id.*

{¶ 12} We have previously addressed multiple constitutional challenges to the Reagan Tokes Law. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150; *State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.); *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *State v. Sawyer*, 2020-Ohio-6980, -- N.E.3d – (6th Dist.). In *Maddox*, the first of these challenges, the appellant argued that the statute's granting of authority to the ODRC to administratively extend his prison term beyond the presumptive minimum violated his right to due process under the U.S. and Ohio Constitutions and the separation-of-powers doctrine. We held that because the appellant "had not yet been subject to the application of these provisions, as he ha[d] not yet served his minimum term, and * * * had not been denied release at the expiration of his minimum term of incarceration," his arguments were not yet ripe for review. *Id.* at ¶ 7, 14.

{¶ 13} We were presented with similar constitutional challenges in *Velliquette*, *Montgomery*, and *Sawyer*. In each of those cases, we followed *Maddox* and found that the constitutionality of the law is not ripe for review. Similarly here, we find that—under *Maddox*—Bothuel's constitutional challenges are not ripe for review. We therefore dismiss his first assignment of error.

6.

{¶ 14} On October 14, 2020, we granted a motion to certify a conflict between our decision in *Maddox* and the decisions of other appellate court districts that have addressed the ripeness of challenges to the Reagan Tokes Law. *State v. Maddox*, 6th Dist. Lucas No. L-19-1253. On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Based on this conflict, the Ohio Supreme Court has accepted the review of the following certified question:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150. We certified this same conflict in *Velliquette*, *Montgomery*, and *Sawyer*.

{¶ 15} Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme

court for review and final determination." The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 16} As we did in prior cases, we find, sua sponte, that our judgment in this appeal is in conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 2020-Ohio-4102, 157 N.E.3d 142 (12th Dist.); and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. We, therefore, sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

8.

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

### III. Conclusion

{¶ 17} Because we cannot independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12, we find Bothuel's second assignment of error not well-taken.

{¶ 18} We dismiss Bothuel's first assignment of error because, under *Maddox*, Bothuel's challenge to the constitutionality of the Reagan Tokes Law is not yet ripe for review. We certify a conflict to the Ohio Supreme Court on that issue, and the parties are directed to Sup.R.Pract. 8.01 for instructions on how to proceed.

{¶ 19} We affirm the February 14, 2020 judgment of the Lucas County Court of Common Pleas. Bothuel is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed and
conflict certified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Gene A. Zmuda, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.