[Cite as *State v. Flowers*, 2021-Ohio-2966.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                   Court of Appeals No.  WD-20-077

     Appellee                              Trial Court No.  2020CR0142

v.

Rekia D. Flowers                            **DECISION AND JUDGMENT**

     Appellant                             Decided:  August 27, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Rekia Flowers, from the

October 26, 2020 judgment of the Wood County Court of Common Pleas.  For the

reasons that follow, we affirm.

## Assignments of Error

I.  THE STATE OF OHIO BREACHED ITS PLEA AGREEMENT WITH APPELLANT BY NOT RECOMMENDING A COMMUNITY CONTROL SANCTION AT THE TIME OF SENTENCING.

II.  THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT SHE ENGAGED IN "ORGANIZED CRIMINAL ACTIVITY" WHEN SENTENCING HER.

## Background

{¶ 2} On or about June 11, 2020, appellant was charged by way of indictment with eight counts of counterfeiting in violation of R.C. 2913.30(B)(3) and (C), each a felony of the fourth degree.  At her arraignment on June 26, 2020, appellant pled not guilty to the charges.

{¶ 3} On September 4, 2020, a change of plea hearing was held.  At the hearing, appellant agreed to plead guilty to the first four counts of the indictment and to pay restitution.  Although not mentioned at the hearing, in the written plea agreement, the state agreed to dismiss the remaining counts at sentencing and recommend a community control sanction.

{¶ 4} At the hearing, the prosecutor stated, inter alia, that, if the matter had proceeded to trial, the state would have shown that appellant and her co-defendant "went to various locations in the 1100 block of South Main Street, *** in Bowling Green,

Wood County, Ohio, and went to the stores which are O'Reilly's Automotive Parts, Maurice's, Petco, Home Depot, Sally's Beauty, The Shoe Sensation, TJ Maxx, and Dollar General store. There's eight different stores they went to. [Appellant] went into some of them, the co-defendant went into some of them."

{¶ 5} The prosecutor further declared that when appellant and her co-defendant went into the stores "they basically selected something, an item with a cost of less then [sic] ten dollars and attempted to pay with a $100 bill. It was not a real sophisticated counterfeit United States currency. But they did attempt to do that. And some locations declined it, saying they didn't have change for it. Other ones realized it was a counterfeit bill. But they went to eight different locations."

{¶ 6} The court then found appellant guilty of the first four counts of counterfeiting, all felonies of the fourth degree.

{¶ 7} Appellant was sentenced on October 23, 2020. At the sentencing hearing, the court first considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. The court then stated that there was a presumption of community control, but ultimately found prison to be appropriate. In making this finding, the court remarked that "the court is to look at certain requirements under 2929.13(B)(1), and that's whether or not this was committed, what was the purpose of this; was this committed for hire or part of an organized activity. And I believe that that is the situation here, is that this was part of an

3.

organized activity in regard to the counterfeiting. You were going to different places presenting counterfeit one hundred dollar bills and doing it as a process."

{¶ 8} The court additionally stated that "if this was a one-time offense we might be looking at this differently. But you have a history of sixteen previous theft offenses, plus as an adult you have a retail theft. And it appears, at least from the Court's consideration, that you have taken out at least a career of using thievery as a way of obtaining what you need. And I think that that just shows a pattern that we don't like."

{¶ 9} The court then sentenced appellant to twelve month sentences each for Counts One through Four, to be served concurrently. The court then dismissed Counts Five through Eight, pursuant to a request by the state.

{¶ 10} Appellant timely appealed.

**Assignment of Error I**

{¶ 11} Appellant argues that the state breached its plea agreement by failing to recommend a community control sanction at the time of sentencing.

{¶ 12} "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the prosecutor fails to fulfill the promise, the defendant is entitled to either withdraw his or her plea, or specific performance of the plea agreement, which requires resentencing by a different judge. *Id*. at 263. The court, however, is not

obligated to accept a sentence recommended as part of a plea agreement. *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶ 7. A trial court can impose a sentence greater than the recommended sentence "when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.).

{¶ 13} The state contends that it did comply with its agreement to recommend a community control sanction when the prosecutor stated at sentencing that it "would contend there should be some sanction for [appellant's] misconduct because she's shown no remorse for that. We leave it to the sound discretion of the Court." The state further argues that appellant was advised that the court may not follow the recommendation and that a prison sentence was a possibility.

{¶ 14} We find the state's request for a "sanction" does not equate to a recommendation for a community control sanction. The Ohio Revised Code defines "sanction" to include "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense," including prison terms as well as community control. R.C. 2929.01(DD). However, there was no objection made at sentencing, and so we are limited to plain error review. Crim.R. 52(B) allows plain errors or defects affecting substantial rights to be noticed although they were not brought

5.

to the attention of the court. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira*, 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should only acknowledge plain error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 15, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus

{¶ 15} Here, we do not find that the outcome would have clearly been different. Appellant contends that the prosecutor's promise "created to a 'significant degree' *** [appellant's] inducement to plead guilty." A similar argument was raised, and rejected, in *State v. Liles*, 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093. In *Liles*, the appellant argued that the prosecutor had breached a promise in the plea agreement not to make a sentencing recommendation and that this resulted in plain error as this promise induced him to enter into the plea agreement. Although the trial court agreed there had been a breach, the trial court did not find plain error. The trial court noted that the plea agreement also called for the dismissal of eleven of the fifteen counts in the indictment, which did occur, resulting in a substantial reduction in the sentence. The appellate court found the dismissal of the eleven counts to be a significant part of the plea agreement.

6.

Additionally, the *Liles* court found that the absence of an objection to the prosecutor's failure to fulfil his or her promise to make no sentencing recommendation undermined the defendant's argument that the promise was an integral part of his decision to plea.

{¶ 16} Similar to *Liles*, the plea agreement here included the dismissal of four counts of counterfeiting brought against appellant. Also, appellant's counsel did not object to the prosecutor's failure to recommend community control, which is not consistent with appellant's argument that the state's promise to recommend community control was a significant inducement to her plea of guilty. Therefore, we do not find plain error on this basis.

{¶ 17} We also do not find that the sentence would have been different. It appears from the transcript that the judge's sentence was based on his own assessment of appellant's record. Even without the prosecutor's recommendation, prior to imposing the sentence, the trial judge commented that there was a presumption in favor of community control[1] and then, after considering appellant's record and the particular facts of the case, the judge decided that prison was appropriate nonetheless.

---

[1] As appellant was convicted of four fourth degree felonies, this presumption would not actually apply. We have previously found this presumption only applicable when a defendant pleads guilty to a single nonviolent fourth or fifth degree felony, not when a defendant pleads guilty to multiple fourth or fifth degree felonies. *State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 22. However, we find it relevant to our analysis that the trial court understood there to be a presumption.

7.

**{¶ 18}** Having carefully considered the record and the parties' arguments, we find that appellant has not demonstrated plain error. Accordingly, we find appellant's first assignment of error not well-taken.

### Assignment of Error II

**{¶ 19}** Appellant maintains that the trial court erred in finding that she engaged in "organized criminal activity" during sentencing, "thereby undercutting one of the bases the trial court relied on when sentencing [appellant] to prison for her non-violent fifth [sic] degree felony offense."

**{¶ 20}** We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 7. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence either that the record does not support the sentencing court's findings under certain enumerated statutory sections, including R.C. 2929.13(B) or (D), or that the sentence is contrary to law.

**{¶ 21}** The state argues that *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 precludes appellant's argument. The court in *Jones* found that R.C. 2953.08(G)(2) does not permit "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. The court

8.

reasoned that "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *Id*. at ¶ 28.

{¶ 22} Appellant contends that *Jones* is inapplicable as her argument is based on R.C. 2929.13 and that R.C. 2953.08(G)(2) permits appellate review to determine whether a sentence complies with R.C. 2929.13.

{¶ 23} It appears from a review of the trial court's judgment entry that the court's finding that appellant committed the offense as part of an organized criminal activity was considered, in part, under R.C. 2929.12(B) to determine whether appellant's conduct was more serious than conduct which normally constitutes the offense. To the extent this finding was considered under R.C 2929.12(B), pursuant to *Jones*, this court is precluded from considering this argument.

{¶ 24} However, whether appellant's conduct was part of an organized criminal activity is also a relevant factor under R.C. 2929.13(B), and *Jones* does not preclude this court from considering appellant's argument in that context. At sentencing, it appears from the judge's comments that his finding that appellant's conduct was part of an

9.

organized activity was also pertinent to his analysis under R.C. 2929.13(B), so we therefore consider appellant's arguments as they relate to R.C. 2929.13.

{¶ 25} R.C. 2929.13(B)(1)(a) creates a presumption in favor of community control for a felony of the fourth or fifth degree that meets certain criteria. This presumption can be overcome, however, if factors enumerated in R.C. 2929.13(B)(1)(b) are found to apply. Appellant has argued that the trial court sent her to prison in reliance on two statutory factors found in R.C. 2929.13(B)(1)(b) - that she committed the offense as part of an organized criminal activity and that she committed the offenses while on probation. While she does not take issue with the court's finding that she was on probation at the time she committed the instant offenses, she maintains that her conduct did not qualify as "organized criminal activity."

{¶ 26} We first find that appellant was not entitled to the presumption of community control under R.C. 2929.13(B)(1)(a), as R.C. 2929.13(B)(1)(a) is not applicable to appellant's case. We have previously found that R.C. 2929.13(B)(1)(a) only applies to singular felony convictions. *Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, at ¶ 22. Here appellant was convicted of multiple fourth degree felonies and therefore the presumption in favor of community control in R.C. 2929.13(B)(1)(a) does not apply.

{¶ 27} As we have found that the presumption set forth in R.C. 2929.13(B)(1)(a) does not apply, we need not consider the merits of the parties' arguments regarding the

10.

applicability of the exceptions set forth in R.C. 2929.13(B)(1)(b). *See State v. Grace,* 6th Dist. Sandusky No. S-18-044, 2019-Ohio-3812, ¶ 15. *Also see State v. Cotterman*, 11th Dist. Ashtabula No. 2018-A-0036, 2019-Ohio-1296, ¶ 13 (Appellant court found it unnecessary for the trial court to consider whether any of the exceptions listed in R.C. 2929.13(B)(1)(b) applied when appellant was not entitled to the mandatory community control sanction under R.C. 2929.13(B)(1)(a)).

{¶ 28} Assuming arguendo that appellant was entitled to the presumption of community control in R.C. 2929.13(B)(1)(a), we also conclude that the trial court's finding that appellant's conduct was organized criminal activity is supported by the record.

{¶ 29} "The term 'organized criminal activity' is not defined in R.C. Chapter 2929, and therefore courts must decide whether an offense is part of an organized criminal activity on a case-by-case basis. In examining this term, courts have 'generally considered the scope and length of the criminal activity, whether the offense was committed spontaneously/impulsively or with extensive planning, the number of people involved, and the nature of the charges * * *.'" (Citations omitted.) *Boswell* at ¶ 24.

{¶ 30} Appellant argues that her conduct does not meet the definition of "organized criminal activity" because her and her codefendant's methods were "amateurish" and "unsophisticated," which she argues makes her conduct more akin to spontaneous or impulsive actions. She further points to *State v. Roberson*, 141 Ohio

11.

App.3d 626, 752 N.E.2d 984 (6th Dist.2001), wherein we found that "[t]he mere fact that [a defendant] may have had an accomplice is insufficient to constitute an 'organized' crime."

{¶ 31} Here, not only did appellant have an accomplice, but there is evidence to support a finding that planning had occurred prior to the crime. As the trial court pointed out, appellant and her codefendant were "going to different places presenting counterfeit one hundred dollar bills and doing it as a process." They went into a store, selected a low cost item, and attempted to purchase the item with a counterfeit $100 bill. Therefore, we conclude the record supports the trial court's finding of organized criminal activity.

{¶ 32} In addition to the above arguments, in her reply brief, appellant generally argues that the trial court's sentence is contrary to law "for the reasons stated." We have found that a sentence is not clearly and convincingly contrary to law where the trial court (1) considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, (2) properly applied postrelease control, and (3) imposed a sentence that was within the statutory range. *State v. Foster*, 6th Dist. Lucas No. L-20-1087, 2021-Ohio-2063, ¶ 14, quoting *State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366.

{¶ 33} Here, the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court also notified appellant that she would be subject to a discretionary period

12.

of post-release control of three years, and appellant has not argued that that was improperly applied. Lastly, appellant was sentenced to twelve months in prison for each of four fourth degree felonies, [2] to be served concurrently. For a felony of the fourth degree, R.C. 2929.14(A)(4) allows a trial court to impose a "definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Appellant's sentence falls within this range. Therefore we find appellant's sentence is not contrary to law.

{¶ 34} For these reasons, appellant's second assignment of error is not well-taken.

## Conclusion

{¶ 35} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

---

[2] Appellant has stated that she was convicted of a fifth degree felony and that her sentence was "the longest available prison sanction for a felony of the fifth degree." However, appellant was convicted of four violations of R.C. 2913.30(B)(3), which, pursuant to R.C. 2913.30(C), are felonies of the fourth degree.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.         _____
                  JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.         _____
CONCUR.                 JUDGE

               _____
                  JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.