[Cite as *State v. Clark*, 2021-Ohio-3508.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No.  L-20-1200

      Appellee                                              Trial Court No.  CR0202001624

v.

Veronica Clark                                          **DECISION AND JUDGMENT**

      Appellant                                            Decided:  September 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Veronica Clark, appeals the judgment entered by the Lucas

County Court of Common Pleas on October 1, 2020, sentencing her to serve 24 months

in prison.  For the reasons that follow, we affirm the judgment of the trial court.

**Facts and Procedural Background**

{¶ 2} On April 27, 2020, the Lucas County grand jury indicted appellant on one count of felonious assault, in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree. The charge stemmed from an altercation that occurred in the hallway of appellant's apartment complex and resulted in appellant stabbing her neighbor in the shoulder. Appellant was initially released on a supervised own recognizance bond, under the conditions that she have no contact with the victim or her residential complex and that she be placed on electronic monitoring and reside with her sister. After she violated the conditions of her bond by "entering the exclusion zone," she was arrested and a cash bond was set.

{¶ 3} On August 12, 2020, appellant voluntarily withdrew her former plea of not guilty and entered a plea of no contest to the lesser included offense of attempted felonious assault, in violation of R.C. 2923.02 and R.C. 2903.11(A)(2) and (D), a felony of the third degree. As part of the plea colloquy, the trial court advised appellant that it had the discretion to impose either a prison term of up to 36 months, followed by a mandatory three-year term of post-release control, or a community control term of up to five years.

{¶ 4} After the trial court accepted the plea and found appellant guilty of the offense, the court ordered a presentence investigation report and set the matter for sentencing. The court also ordered a general psychological evaluation, following the

2.

state's suggestion that such an evaluation would help the court to impose an accurate sentence. Finally, the court granted defense counsel's request to modify appellant's bond and, again, released her on a supervised own recognizance bond. In doing so, the court allowed appellant to return to her apartment complex, but advised her that she was under strict orders to avoid contact with the victim. Several days later, appellant violated the conditions of her bond for the second time and she was again placed in custody, where she remained for the rest of the proceedings.

{¶ 5} At the sentencing hearing held on September 30, 2020, defense counsel made statements in mitigation on appellant's behalf and encouraged the court to impose a community control sanction that included treatment for appellant's mental health and substance abuse issues. The trial judge explained that because appellant had stabbed someone and violated the conditions of her bond, he was not confident that she would comply with the requirements of community control. The judge recognized that appellant needed treatment for her mental health, anger management, and substance abuse issues, but emphasized that both the victim and the community needed to be protected. The court then sentenced appellant to 24 months in prison, followed by a mandatory three-year term of post-release control.

3.

## Assignment of Error

**{¶ 6}** On appeal, appellant asserts the following assignment of error:

  I. Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

## Analysis

**{¶ 7}** In her sole assignment of error, appellant claims that her sentence should be vacated. An appellate court may modify or vacate a disputed sentence on appeal only if it clearly and convincingly finds that: (1) the record does not support the sentencing court's findings under certain specified statutory provisions set forth in R.C. 2953.08(G)(2)(a); or (2) "the sentence is otherwise contrary to law," as set forth in R.C. 2953.08(G)(2)(b). *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 7, citing R.C. 2953.08(G)(2). "[A] sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range." *Id.*

**{¶ 8}** The appellant bears the burden to identify clear and convincing evidence in the record that the sentence was erroneously imposed. *Id.* In the instant case, appellant does not challenge the trial court's findings under any of the statutory provisions

specified in R.C. 2953.08(G)(2)(a). Instead, she argues that her sentence is clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 9} As indicated above, the trial court sentenced appellant to 24 months in prison, followed by a mandatory three-year term of post-release control. A conviction for attempted felonious assault, in violation of R.C. 2923.02 and R.C. 2903.11(A)(2) and (D), is a felony of the third degree that is subject to a definite prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months" and a mandatory three-year term of post-release control. *See* R.C. 2929.14(A)(3)(b) and R.C. 2967.28(B)(3). At the sentencing hearing and in the October 1, 2020 judgment entry, the trial court explicitly stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. Because the trial court imposed a sentence within the statutory range, properly imposed postrelease control, and expressly stated that it complied with its obligations under R.C. 2929.11 and R.C. 2929.12, appellant's sentence is not clearly and convincingly contrary to law. *See State v. Stein*, 6th Dist. Lucas No. L-19-1171, 2021-Ohio-761, ¶ 49.

{¶ 10} Arguing to the contrary, appellant contends that her sentence is clearly and convincingly contrary to law because the trial court failed to impose a sentence that advanced the principles and purposes of felony sentencing as set forth in R.C. 2929.11 and failed to appropriately weigh the seriousness and recidivism factors that are set forth in R.C. 2929.12. She asserts that the best way to punish her and protect the public from

5.

her, while promoting her effective rehabilitation, without imposing an unnecessary burden on government resources, would have been to impose a community control sanction that included treatment for her mental health and substance abuse issues. She also argues that the mitigating factors of her case -- such as her expression of remorse, recognition of her addiction and mental health issues, and assertion that the offense was committed under circumstances not likely to recur -- should have resulted in the imposition of a community control sanction. In making these arguments, appellant is essentially inviting this court to make an independent determination as to whether the record supports her 24-month sentence. This we cannot do, as R.C. 2953.08(G)(2) does not permit an appellate court "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. Accordingly, appellant's argument is without merit.

{¶ 11} Because appellant has failed to identify clear and convincing evidence that her sentence is contrary to law, her sole assignment of error is found not well-taken. We, therefore, affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                              JUDGE

Thomas J. Osowik, J.

                                  _____
Myron C. Duhart, J.                           JUDGE
CONCUR.

                                  _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.